ORIGINAL

SLR:LDM:CSK/dg
F.#2012R00310

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SHAKA STAYMAN,

Defendant.

STIPULATION OF SETTLEMENT
AND ORDER

12-CR-668 (JG) (JO)

13-CR-264 (JG) (JO)

- - - - - - - - - - - - - - - - - - - -X
- - - - - - - - - - - - - - - - - - - -X
IN RE:
PETITION BY PORSCHE FINANCIAL
SERVICES, INC., THIRD-PARTY
PETITIONER
- - - - - - - - - - - - - - - - - - - -X

WHEREAS, on or about July 22, 2013, this Court entered a Preliminary Order of Forfeiture (the "Preliminary Order"), wherein defendant SHAKA STAYMAN (the "Defendant") consented to the forfeiture of one 2008 red Porsche Cayenne, bearing VIN No. WP1AD29P88LA72710, Registration No. GA-BCU-0723, held in the name of the Defendant and Camille Stayman ( the "Seized Vehicle"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, which constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 1349, or the conspiracy to commit such offense, and/or pursuant to 21 U.S.C. § 853(p), as substitute assets;

WHEREAS, legal notice of the Preliminary Order of Forfeiture was published on the government website, www.forfeiture.gov, beginning on September 12, 2013 and ending on October 2, 2013;

WHEREAS, on August 14, 2013, a copy of the Preliminary Order was directly served on Porsche Financial Services, Inc. ("Porsche"), a potential claimant to the Seized Vehicle;

WHEREAS, on August 14, 2013, a copy of the Preliminary Order of Forfeiture was sent certified mail, return receipt requested to Camille Stayman, a potential claimant to the Seized Vehicle, to her Brooklyn, New York and Alpharetta, Georgia addresses but were returned unclaimed and undeliverable, respectively;

WHEREAS, on September 17, 2013, a copy of the Preliminary Order was re-sent via regular mail to both the Brooklyn, New York and Alpharetta, Georgia addresses for Camille Stayman;

WHEREAS, on September 11, 2013, Porsche, by its undersigned counsel, filed a claim to the Seized Vehicle, asserting a secured interest in the Seized Vehicle based upon Porsche's contractual agreement with the Defendant and Camille Stayman and the lien held by Porsche against the Seized Vehicle (the "Lien");

WHEREAS, Porsche is the only party to have filed a claim to the Seized Vehicle, and the time for all other potential claimants to file claims has expired; and

WHEREAS, the United States and Porsche (the "Parties") for good and valuable consideration, hereby agree to the following settlement resolving all claims with respect to the Seized Vehicle.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and Porsche as follows:

1. The United States Marshals Service, and/or the Federal Bureau of Investigation, and its duly appointed contractors, shall arrange for the release of the Seized Vehicle, "as is", to Porsche in Atlanta, Georgia.

2. Upon the execution and receipt of a "so ordered" copy of this Stipulation of Settlement by all Parties, Porsche shall retrieve the Seized Vehicle from the Federal Bureau of Investigation lot, located at Federal Bureau of Investigation, 22635 Century Parkway, Atlanta, GA 30345. So as to make arrangements to retrieve the Seized Vehicle, Porsche shall contact Special Agent Ronald Miller of the FBI Atlanta, GA office five (5) days in advance of its intent to retrieve the Seized Vehicle.

3. Within twenty (20) days of any sale of the Seized Vehicle, any net proceeds from the sale of the Seized Vehicle shall be sent in the form of a certified or bank check, payable to the "United States Marshals Service," with the criminal docket number noted on the face of the check. Porsche shall send the check to the United States Attorney's Office, Eastern District of New York, 271A Cadman Plaza East, 7th Fl., Brooklyn, New York 11201, Attn: Assistant United States Attorney Claire S. Kedeshian. The United States Marshals Service shall deposit the check into an interest bearing escrow account maintained by the United States Marshals Service and substitute the net proceeds from said check for the Seized Vehicle pending a final judgment in this case.

4. "Net proceeds," as used above, is defined as the gross proceeds from the sale of the Seized Vehicle, less the allowable expenses, as such term is defined in the lien contract,

incurred in connection with Porsche retaking, holding, preparing for sale, and selling of the Seized Vehicle, and any amount paid to Porsche to satisfy the Lien.

5. This Stipulation and Order is intended solely to permit a sale of the Seized Vehicle and to permit any net proceeds to be forfeited to the United States and held by the United States Marshals Service pending a final judgment in this action. Upon entry of a final judgment, the United States shall forfeit the net proceeds of the sale and any accrued interest.

6. In further consideration of the above, Porsche agrees to release, remise, and discharge the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which Porsche ever had, now has, or hereafter may have against the United States, its agencies, agents, officers, and employees, past and present, for or on account of the incidents or circumstances giving rise to the commencement of the above-captioned action, or the seizure, custody, condition, sale, and potential forfeiture of the Seized Vehicle.

7. In further consideration of the above, Porsche agrees that it shall hold the United States and its agencies, agents, officers, and employees, past and present, harmless from any claims or suits brought by any persons or entities concerning, referring or relating to the Seized Vehicle, and that it shall, with respect to any claim that the United States acted improperly in permitting Porsche to recover the Seized Vehicle: (a) indemnify the United States and its agencies, agents, employees, representatives, and officers, past and present; (b) if demanded by the United States, defend any such suit; and (c) provide evidence and testimony necessary to the defense of such suit.

8. Porsche represents that it is the sole holder of the Lien against the Seized Vehicle, and that it and those on behalf of Porsche are fully authorized to execute this Stipulation and Order and all other documents necessary to effectuate the sale of the Seized Vehicle as

contemplated herein, the settlement of this action, and the forfeiture to the United States of the net proceeds from the sale of the Seized Vehicle, as provided herein.

9. Porsche further agrees to withdraw, with prejudice, the administrative claim and petition filed with the Federal Bureau of Investigation on July 7, 2011, contesting the forfeiture of the Seized Vehicle.

10. Porsche further agrees to waives its right, if any, to use the instant action or its settlement as a basis for any statutory or constitutional defense in any other civil, criminal or administrative action, including, without limitation, venue, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

11. Except as provided herein, the parties will each bear their own costs and expenses and their own attorney's fees, even if the fees exceed the proceeds from the sale of the Seized Vehicle. In no event will the Government be responsible for the payment of any attorney's fees or costs directly. Porsche further agrees to waive any and all rights it may have to recover attorney's fees under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal statutory basis.

Dated:  Brooklyn, New York
~~November~~ December 18, 2013

LORETTA E. LYNCH
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
Claire S. Kedeshian
Assistant United States Attorney
(718) 254-6051

Dated: Buffalo, New York
November ~~13~~, 2013
December

Phillips Lytle LLP
3400 HSBC Center
Buffalo, New York 14203

By: *Michael L. McCabe*
Michael L. McCabe, Esq.
Craig A. Leslie, Esq.
Timothy W. Hoover, Esq.
Counsel for Claimant, Porsche
(716) 504-5729

Agreed and Consented to by:

*[signature]*

Phil Elston,
Porsche Financial Services, Inc.
Fulton, Georgia

On the 10th day of December in the year 2013, before me, the undersigned, personally appeared Phil Elston, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose name are subscribed to above and that by their signature on the within instrument, they executed the instrument.

*Theresa McNabb*
Notary Public
State of Georgia

[Notary Seal: THERESA MCNABB, MY COMMISSION EXPIRES MAY 6 2017, COBB CO., GEORGIA, NOTARY PUBLIC]

SO ORDERED this _____ day
of _____ 2013

_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK