APPEAL

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: <u>1:13–cr–00264–SJ</u>–1

Case title: USA v. Stayman

Date Filed: 04/26/2013
Date Terminated: 10/28/2014

Assigned to: Judge Sterling
Johnson, Jr

**Defendant (1)**

| | | |
|---|---|---|
| **Shaka Stayman**<br>*TERMINATED: 10/28/2014* | represented by | **Donna R. Newman**<br>Law Office of Donna R. Newman<br>20 Vesey Street<br>Suite 400<br>New York, NY 10007<br>212– 229–1516<br>Fax: 212–676–7497<br>Email: <u>donnanewmanlaw@aol.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| Wire Fraud Conspiracy<br>(1) | 84 months of incarceration on Count One in the 12 cr 668 case and 84 months of incarceration on Count One in the 13 cr 264 case. The terms of incarceration are to run concurrently on each count, totaling 84 months. The court recommends to the bureau of prisons for incarceration at an FCI as close to NYC as possible. 3 years supervised release on Count One in the 12 cr 668 case and 3 years of supervised release on Count One in the 13 cr 264 case. The terms of supervised release is to run concurrently on both counts, totaling 3 years of supervised release with special conditions. Special Assessment of $200.00. Restitution to be determined. AMENDED JUDGMENT DATED 1/16/15 – Adding Restitution of $1,046.749.67. Restitution shall be paid at $25 per quarter while in custody and at 10% of the dft's net monthly income upon release from custody. Payments shall be made to the Clerk of Court, EDNY. |

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| USA | represented by | **Paul A. Tuchmann** |
|---|---|---|

United States Attorneys Office
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201−1820
718−254−6294
Fax: 718−254−6669
Email: paul.tuchmann@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Claire S. Kedeshian**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201−1820
(718) 254−7000
Fax: (718) 254−6081
Email: claire.kedeshian@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Craig Anthony Leslie**
Phillips Lytle LLP
3400 HSBC Center
Buffalo, NY 14203
716−847−8400
Fax: 716−852−6100
Email: cleslie@plllp.com
*TERMINATED: 06/23/2014*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/26/2013 | 1 | | |

| | | | |
|---|---|---|---|
| | | | CONSENT TO TRANSFER JURISDICTION (Rule 20) from Western District of NC by Shaka Stayman. (Attachments: # 1 Docket Sheet, # 2 Information) (Marziliano, August) (Entered: 04/26/2013) |
| 04/26/2013 | | | Notice of Related Case Case related to 12 CR 0668(JG) (Marziliano, August) (Entered: 04/26/2013) |
| 04/30/2013 | 2 | | Letter *requesting relation of case to 12 CR 668 (JG)* as to Shaka Stayman (Tuchmann, Paul) (Entered: 04/30/2013) |
| 05/01/2013 | | | ORDER as to Shaka Stayman re 2 Letter ** This Court, in consultation with Judge Gleeson's chambers, has concluded that the two cases are related within the meaning of Local Rule 50.3.1 and the matter will be reassigned. Ordered by Judge Edward R. Korman on 5/1/2013. (Susi, PaulaMarie) (Entered: 05/01/2013) |
| 05/01/2013 | | | ORDER REASSIGNING JUDGE as to Shaka Stayman reassigned to Judge John Gleeson as related to 12cr668. Judge Edward R. Korman no longer assigned to the case. Ordered by Chief Judge Carol Bagley Amon on 5/1/2013. (Bowens, Priscilla) (Entered: 05/01/2013) |
| 05/10/2013 | 3 | | WAIVER OF INDICTMENT by Shaka Stayman before Judge Gleeson on 5/10/13. (Piper, Francine) (Entered: 05/13/2013) |
| 05/10/2013 | 4 | | Minute Entry for proceedings held before Judge John Gleeson:Arraignment as to Shaka Stayman (1) Count 1 held on 5/10/2013, Initial Appearance as to Shaka Stayman held on 5/10/2013, Plea Agreement Hearing as to Shaka Stayman held on 5/10/2013, Waiver of Indictment executed. Information filed. Plea entered by Shaka Stayman (1) Guilty Count 1., Dft also enters a plea of guilty to count one of indictment in 12 cr 668.( Sentencing set for 9/13/2013 02:00 PM in Courtroom 6C South before Judge John Gleeson.) AUSA Paul Tuchman; Defense Counsel, Donna Newman. (Court Reporter Marsha Diamond.) (Piper, Francine) (Entered: 05/13/2013) |
| 07/15/2013 | 5 | | MOTION for Forfeiture of Property by USA as to Shaka Stayman. (Attachments: # 1 Proposed Order) (Kedeshian, Claire) (Entered: 07/15/2013) |
| 07/22/2013 | 6 | | PRELIMINARY ORDER OF FORFEITURE as to Shaka Stayman (1) 5 certified copies sent to U.S. Atty's Office, Attn: Dionne Gill, FSA Law Clerk. Signed by Judge John Gleeson on 7/18/2013. (Piper, Francine) (Entered: 07/22/2013) |
| 09/11/2013 | 7 | | NOTICE OF ATTORNEY APPEARANCE Craig Anthony Leslie appearing for USA. *Notice of Appearance of Craig A. Leslie, Esq. for Porsche Financial Services Inc.* (Leslie, Craig) (Entered: 09/11/2013) |
| 09/11/2013 | 8 | | NOTICE *Petition by Porsche Financial Services Inc. Under 21 U.S.C. Section 853 (n) Relating to its Pre−existing Secured Interest in the 2008 Porsche Cayenne as an Innocent Owner* as to Shaka Stayman re 6 Order on Motion for Forfeiture of Property, Order for Forfeiture of Property (Attachments: # 1 Certificate of Service) (Leslie, Craig) (Entered: 09/11/2013) |
| 09/11/2013 | 9 | | NOTICE *Exhibits A & B to Petition by Porsche Financial Services under 21 USC Section 853 (n) Relating to its Pre−existing Secured Interest in the 2008 Porsche Cayenne as an Innocent Owner* as to Shaka Stayman re 8 Notice (Other), (Attachments: # 1 Exhibit A − Contract, # 2 Exhibit B − Title) (Leslie, |

| | | | |
|---|---|---|---|
| | | | Craig) (Entered: 09/11/2013) |
| 09/13/2013 | | | ORDER as to Shaka Stayman. Porsche Financial Services's 8 petition pursuant to 21 U.S.C. s. 853(n) is respectfully referred to Magistrate Judge Orenstein for a Report & Recommendation Ordered by Judge John Gleeson on 9/13/2013. (Merle, Natasha) (Entered: 09/13/2013) |
| 09/17/2013 | | | NOTICE of ECF testing for the attorneys on this case. Testing to make sure that everyone can receive ECF bounces in this case. Please do not reply. (Lee, Ilene) (Entered: 09/17/2013) |
| 10/30/2013 | 10 | | Certificate of Service by USA as to Shaka Stayman (Kedeshian, Claire) (Entered: 10/30/2013) |
| 12/30/2013 | 11 | | STIPULATION by USA as to Shaka Stayman (Kedeshian, Claire) (Entered: 12/30/2013) |
| 12/31/2013 | | | ORDER as to Shaka Stayman: The 11 stipulation is so ordered. Ordered by Judge John Gleeson on 12/31/2013. (Shahabuddin, Tazneen) (Entered: 12/31/2013) |
| 05/20/2014 | | | ORDER as to Shaka Stayman: Ms. Newman's 12 ex parte request for a reasonable amount of additional time to file objections to defendant's PSR is granted. Ordered by Judge John Gleeson on 5/20/2014. (Shahabuddin, Tazneen) (Entered: 05/20/2014) |
| 06/09/2014 | 13 | | Letter as to Shaka Stayman dated June 4, 2014 from Craig Leslie to Judge Gleeson, requesting to be removed from the electronic notification. (Piper, Francine) (Entered: 06/09/2014) |
| 06/23/2014 | | | ORDER as to Shaka Stayman: Craig Leslie's 13 letter request to be removed from electronic notifications is granted. The Clerk of Court is respectfully directed to terminate Mr. Leslie as counsel on the docket. Ordered by Judge John Gleeson on 6/23/2014. (Shahabuddin, Tazneen) (Entered: 06/23/2014) |
| 06/23/2014 | | | Attorney update in case as to Shaka Stayman. Attorney Craig Anthony Leslie terminated. (Lee, Tiffeny) (Entered: 06/23/2014) |
| 10/17/2014 | 14 | | Letter *regarding sentencing* as to Shaka Stayman (Tuchmann, Paul) (Entered: 10/17/2014) |
| 10/28/2014 | 16 | | Minute Entry for proceedings held before Judge John Gleeson:Sentencing held on 10/28/2014 for Shaka Stayman (1), Count(s) 1, 84 months of incarceration on Count One in the 12 cr 668 case and 84 months of incarceration on Count One in the 13 cr 264 case. The terms of incarceration are to run concurrently on each count, totaling 84 months. The court recommends to the bureau of prisons for incarceration at an FCI as close to NYC as possible. 3 years supervised release on Count One in the 12 cr 668 case and 3 years of supervised release on Count One in the 13 cr 264 case. The terms of supervised release is to run concurrently on both counts, totaling 3 years of supervised release with special conditions. Special Assessment of $200.00. Restitution to be determined. AUSA Paul Tuchman; Defense Counsel, Donna Newman. (Court Reporter Gene Rudolph.) (Piper, Francine) (Entered: 10/28/2014) |
| 10/28/2014 | 17 | | JUDGMENT as to Shaka Stayman (1), Count(s) 1, 84 months of incarceration on Count One in the 12 cr 668 case and 84 months of incarceration on Count |

| | | |
|---|---|---|
| | | One in the 13 cr 264 case. The terms of incarceration are to run concurrently on each count, totaling 84 months. The court recommends to the bureau of prisons for incarceration at an FCI as close to NYC as possible. 3 years supervised release on Count One in the 12 cr 668 case and 3 years of supervised release on Count One in the 13 cr 264 case. The terms of supervised release is to run concurrently on both counts, totaling 3 years of supervised release with special conditions. Special Assessment of $200.00. Restitution to be determined.Ordered by Judge John Gleeson on 10/22/2014. (Attachments: # 1 Preliminary Order of Forfeiture) (Piper, Francine) (Entered: 10/28/2014) |
| 11/21/2014 | 19 | Letter *requesting adjournment of deadline for restitution submission* as to Shaka Stayman (Tuchmann, Paul) (Entered: 11/21/2014) |
| 11/24/2014 | | ORDER as to Shaka Stayman: The parties' request for an adjournment of the deadline for restitution submissions 19 is granted. The parties shall file submissions on or before December 12, 2014. Ordered by Judge John Gleeson on 11/24/2014. (Ross, Peter) (Entered: 11/24/2014) |
| 12/02/2014 | 20 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Shaka Stayman held on 10/23/14, before Judge Weinstein. Court Reporter/Transcriber Rudolph. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request – Transcript" located under "Other Filings – Other Documents". Redaction Request due 12/23/2014. Redacted Transcript Deadline set for 1/5/2015. Release of Transcript Restriction set for 3/2/2015. (Rudolph, Gene) (Entered: 12/02/2014) |
| 12/12/2014 | 21 | Process Receipt and Return, Re: Stipulation of Settlement and Order as to Shaka Stayman executed on 11/18/14 upon U.S. Marshals (Piper, Francine) (Entered: 12/12/2014) |
| 12/18/2014 | 22 | Letter *regarding restitution* as to Shaka Stayman (Tuchmann, Paul) (Entered: 12/18/2014) |
| 01/20/2015 | 23 | AMENDED JUDGMENT as to Shaka Stayman (1), Count(s) 1, Adding Restitution of $1,046.749.67. Restitution shall be paid at $25 per quarter while in custody and at 10% of the dft's net monthly income upon release from custody. Payments shall be made to the Clerk of Court, EDNY.. Ordered by Judge John Gleeson on 1/16/2015. (Attachments: # 1 Order of Forfeiture) (Piper, Francine) (Entered: 01/20/2015) |
| 12/22/2016 | | ORDER REASSIGNING CASE as to Shaka Stayman. Reassigned to Judge Sterling Johnson, Jr. Judge John Gleeson no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such.. Ordered by Chief Judge Dora Lizette Irizarry on 12/22/2016. (Davis, Kimberly) (Entered: 12/22/2016) |
| 03/01/2017 | 26 | ORDER to Produce as to Shaka Stayman, via telephone, on Thursday, March 2, 2017, at 9:30 a.m. EST. Ordered by Judge Sterling Johnson, Jr on 3/1/2017. (Rodriguez, Ana) (Entered: 03/01/2017) |
| 03/02/2017 | | Minute Entry for proceedings held before Judge Sterling Johnson, Jr: Case called. Defendant Stayman in custody appearing by telephone, counsel Donna |

| | | | |
|---|---|---|---|
| | | | Newman appearing in court. AUSA Paul Tuchmann appearing for the government. Status Conference as to Shaka Stayman held on 3/2/2017. Oral argument on government's motion. Decision reserved. Status Conference set for 4/18/2017 09:30 AM in Courtroom 6B South before Judge Sterling Johnson Jr. (Court Reporter Victoria Torres–Butler.) (Rodriguez, Ana) (Entered: 03/15/2017) |
| 03/31/2017 | 28 | | Letter *requesting adjustment of hearing date* as to Shaka Stayman (Tuchmann, Paul) (Entered: 03/31/2017) |
| 04/04/2017 | | | CORRECTION: NOTICE OF HEARING as to Shaka Stayman Re 28 letter request, the Status Conference set for 4/18/2017 is adjourned to 4/25/2017 09:30 AM in Courtroom 6B South before Judge Sterling Johnson Jr.. (Rodriguez, Ana) Modified on 4/4/2017 (Rodriguez, Ana). (Entered: 04/04/2017) |
| 04/04/2017 | | | Terminate Hearings set for 4/18/2017 as to Shaka Stayman. (Rodriguez, Ana) (Entered: 04/04/2017) |
| 05/14/2019 | 32 | | TRANSFER OF JURISDICTION REQUEST as to Shaka Stayman To Northern District of Georgia. Awaiting acceptance and signature. (Attachments: # 1 TOJ Memorandum) (Wilder, Monia) (Entered: 05/14/2019) |
| 05/21/2019 | 33 | | TRANSFER OF JURISDICTION REQUEST as to Shaka Stayman From the Northern District of Georgia. It is hereby accepted. Ordered by Judge Sterling Johnson, Jr. on 5/21/2019. (Love, Alexis) (Entered: 06/06/2019) |
| 06/06/2019 | 34 | | Notice to Northern District of Georgia of a PROB 22 Transfer as to Shaka Stayman. Please transmit to NYED, the last charging instrument, the judgment and commitment order and the docket sheet to InterDistrictTransfer_NYED@nyed.uscourts.gov, please include our case number in the subject of the email. (Love, Alexis) (Entered: 06/06/2019) |

AO 245B    (Rev. 10/2011 EDNY) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<u>EASTERN</u>   District of   <u>NEW YORK, BROOKLYN</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| SHAKA STAYMAN | Case Number:   12-CR-668-01 (JG) and 13-CR-264-01 (JG) |
| | USM Number:   63689-019 |
| | Donna R. Newman, Esq.     (212) 229-1516 |
| | 20 Vesey Street, Suite 400, New York, NY 10007 |
| | Defendant's Attorney |

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 2 8 2014 ★

BROOKLYN OFFICE

## THE DEFENDANT:

✔ pleaded guilty to count(s)   One of a three-count indictment in the 12-CR-668 case and to Count One of a single-count Information in the 13-CR-264 case. Both pleas were taken on 5/10/2013.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1349 and 18 U.S.C. §§ 1343 | Conspiracy to commit wire fraud. | 4/17/2012 | ONE |
| 18 U.S.C. §§ 1349 and 18 U.S.C. §§ 1343 | Conspiracy to commit wire fraud. | 4/17/2012 | ONE |

     The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✔ Count(s) _____ (All Open Counts) _____ ☐ is ✔ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 23, 2014
Date of Imposition of Judgment

s/John Gleeson
Signature of Judge

JOHN GLEESON, U.S.D.J.
Name and Title of Judge

10/22/14
Date

USCA2 7

AO 245B    (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:      SHAKA STAYMAN
CASE NUMBER:     12-CR-668-01 (JG) and 13-CR-264-01 (JG)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Eighty-four (84) months of incarceration on Count One in the 12-CR-668 case and eighty-four (84) months of incarceration on Count One in the 13-CR-264 case. The terms of incarceration are to run concurrently on each count, totaling eighty-four (84) months of incarceration.**

✔   The court makes the following recommendations to the Bureau of Prisons:

**Incarceration at an FCI as close to New York City as possible.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐ at                   ☐ a.m.   ☐ p.m.    on                             .

     ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 12 p.m. on                            .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on                           to                       

a                        , with a certified copy of this judgment.

                                         UNITED STATES MARSHAL

             By                                    

                                    DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:        SHAKA STAYMAN
CASE NUMBER:    12-CR-668-01 (JG) and 13-CR-264-01 (JG)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Three (3) years of supervised release on Count One in the 12-CR-668 case and three (3) years of supervised release on Count One in the 13-CR-264 case. The terms of supervised release is to run concurrently on both counts, totaling three (3) years of supervised release.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SHAKA STAYMAN
CASE NUMBER: 12-CR-668-01 (JG) and 13-CR-264-01 (JG)

# SPECIAL CONDITIONS OF SUPERVISION

– The defendant is to refrain from possessing a firearm, destructive device, or other dangerous weapon.

– Compliance with the Order of Forfeiture as attached.

– Compliance with the Restitution imposed. (The restitution will be determined in an amended judgment.)

– The defendant shall make full financial disclosure to the U.S. Probation Department.

– The defendant shall notify the U.S. Probation Department of all future employments prior to starting the employment.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT:        SHAKA STAYMAN
CASE NUMBER:      12-CR-668-01 (JG) and 13-CR-264-01 (JG)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $  200.00 | $ | $  (To be determined) |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **SHAKA STAYMAN**
CASE NUMBER: 12-CR-668-01 (JG) and 13-CR-264-01 (JG)

Judgment — Page __6__ of __6__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ✔ Lump sum payment of $ __$200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



SLR:LDM:CSK
F.# 2012R00294

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against –

SHAKA STAYMAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 22 2013 ★

BROOKLYN OFFICE

PRELIMINARY
ORDER OF FORFEITURE

12-CR-668 (JG)
13-CR-264 (JG)

       WHEREAS, on or about May 10, 2013, the defendant, Shaka Stayman, entered a

plea of guilty to an indictment in <u>United States v. Shaka Stayman</u>, 12-CR- 668, and to an

information in <u>United States v. Shaka Stayman</u>, 13-CR-264(JG), charging violations of 18

U.S.C. 1349; and

       WHEREAS, the defendant has consented to the forfeiture of all of his right, title,

and interest in one 2008 red Porsche Cayenne, bearing VIN No. WP1AD29P88LA72710,

Registration No. GA-BCU-0723, held in the name of the defendant and Camille Stayman (the

"Forfeited Asset"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 2461(c), as property,

real or personal, which constitutes or is derived from proceeds traceable to his violation of 18

U.S.C. § 1349, or the conspiracy to commit such offense, and/or pursuant to 21 U.S.C. § 853(p),

as substitute assets.

       THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on

consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States all right, title, and interest that he may have in the Forfeited Asset, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2. The defendant shall fully assist the Government in effectuating the surrender and forfeiture of the Forfeited Asset to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Asset passes to the United States, including, but not limited to, the execution of any documents necessary to effectuate the surrender and forfeiture of the Forfeited Asset to the United States. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any of the monies and/or properties forfeited hereunder in any administrative or judicial proceeding.

3. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Asset, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

U.S. v. Shaka Stayman, 12-CR-668 and 13-CR-264(JG)(EDNY), Preliminary Order of Forfeiture

Case 1:13-cr-00264-SJ Document 17-1 Filed 07/25/19 Page 15 of 26 PageID #: 215
Case 1:13-cr-00264-SJ Document 17-1 Filed 07/25/19 Page 3 of 26 PageID #: 2

3

5.  The United States shall publish notice of this Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Forfeited Asset in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Asset as a substitute for published notice as to those persons so notified.

6.  Any person, other than the defendant, asserting a legal interest in the Forfeited Asset may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Asset must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7.  The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P.

U.S. v. Shaka Stayman, 12-CR-668 and 13-CR-264(JG)(EDNY), Preliminary Order of Forfeiture

4

32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9.      This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order to United States Attorney's Office, Eastern District of New York, ATTN: Dionne Gill, FSA Law Clerk, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       _Jul 18_____, 2013

                                    s/John Gleeson
                                    _____
                                    HONORABLE JOHN GLEESON
                                    UNITED STATES DISTRICT JUDGE
                                    EASTERN DISTRICT OF NEW YORK

<u>U.S. v. Shaka Stayman</u>, 12-CR-668 and 13-CR-264(JG)(EDNY), Preliminary Order of Forfeiture

# UNITED STATES DISTRICT COURT

EASTERN      District of      NEW YORK, BROOKLYN

UNITED STATES OF AMERICA

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

V.

SHAKA STAYMAN

★ **JAN 2 0 2015** ★

**BROOKLYN OFFICE**

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:      12-CR-668-01 (JG) and
     13-CR-264-01 (JG)

USM Number:      63689-019

**Date of Original Judgment:**    October 23, 2014
**(Or Date of Last Amended Judgment)**
**Reason for Amendment:**

Donna R. Newman, Esq.      (212) 229-1516
20 Vesey Street, Suite 400, New York, NY 10007
Defendant's Attorney

    **\*\*Addition of the restitution amounts on
page 5 and page 6.\*\***

**THE DEFENDANT:**

✔ pleaded guilty to count(s)   One of a three-count indictment in the 12-CR-668 case and to Count One of a single-count
     Information in the 13-CR-264 case. Both pleas were taken on 5/10/2013.

☐ was found guilty on            
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1349 and 18 U.S.C. §§ 1343 | Conspiracy to commit wire fraud. | 4/17/2012 | ONE |
| 18 U.S.C. §§ 1349 and 18 U.S.C. §§ 1343 | Conspiracy to commit wire fraud. | 4/17/2012 | ONE |

    The defendant is sentenced as provided in    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)           

✔ Count(s)    (All Open Counts)    ☐ is   ✔ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 16, 2015
Date of Imposition of Judgment

s/John Gleeson
Signature of Judge

JOHN GLEESON, U.S.D.J.
Name and Title of Judge

1/16/15
Date

USCA2 17

(NOTE: Identify Changes with Asterisks (*))

| | |
|---|---|
| DEFENDANT: | SHAKA STAYMAN |
| CASE NUMBER: | 12-CR-668-01 (JG) and 13-CR-264-01 (JG) |

Judgment — Page __2__ of __6__

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

**Eighty-four (84) months of incarceration on Count One in the 12-CR-668 case and eighty-four (84) months of incarceration on Count One in the 13-CR-264 case. The terms of incarceration are to run concurrently on both count, totaling eighty-four (84) months of incarceration.**

✔ The court makes the following recommendations to the Bureau of Prisons:

   **Incarceration at an FCI as close to New York City as possible.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 12 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

(NOTE: Identify Changes with Asterisks (*))

| | |
|---|---|
| DEFENDANT: SHAKA STAYMAN | Judgment—Page __3__ of __6__ |
| CASE NUMBER: 12-CR-668-01 (JG) and 13-CR-264-01 (JG) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**Three (3) years of supervised release on Count One in the 12-CR-668 case and three (3) years of supervised release on Count One in the 13-CR-264 case. The terms of supervised release is to run concurrently on both counts, totaling three (3) years of supervised release.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change.

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C Case 1:13-cr-00264-SJ-1 Document 36 23 Filed 07/25/19 Page 20 of 26 PageID #: 220
(Rev. 09/08) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:        SHAKA STAYMAN
CASE NUMBER:   12-CR-668-01 (JG) and 13-CR-264-01 (JG)

Judgment—Page __4__ of __6__

## SPECIAL CONDITIONS OF SUPERVISION

– The defendant is to refrain from possessing a firearm, destructive device, or other dangerous weapon.

– Compliance with the Order of Forfeiture as attached.

– Compliance with the Restitution imposed.

– The defendant shall make full financial disclosure to the U.S. Probation Department.

– The defendant shall notify the U.S. Probation Department of all future employments prior to starting the employment.

USCA2 20

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

| | |
|---|---|
| DEFENDANT: | SHAKA STAYMAN |
| CASE NUMBER: | 12-CR-668-01 (JG) and 13-CR-264-01 (JG) |

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ 1,046,749.67** |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

✔ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **(In the 12-CR-668 case)** | | | |
| **Stanley Beckles** | | 261,755.50 | |
| **Boris Tulchinsky** | | 139,580.23 | |
| **Hayward Gassman** | | 24,405.68 | |
| **Joan Mooney** | | 125,465.83 | |
| | | | |
| **(In the 13-CR-264 case)** | | | |
| **TIAA-CREF** | | 220,747.45 | |
| **Accountholders** | | | |
| **TIAA-CREF investigation** | | 274,794.98 | |
| **expenses** | | | |
| | | | |
| **(Please contact** | | | |
| **AUSA Paul Tuchmann for** | | | |
| **contact information.)** | | | |

| | | | |
|---|---|---|---|
| TOTALS | $_____ | $ 1,046,749.67 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAKA STAYMAN
CASE NUMBER: 12-CR-668-01 (JG) and 13-CR-264-01 (JG)

Judgment — Page __6__ of __6__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ✔  Lump sum payment of $ __$200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ✔  Special instructions regarding the payment of criminal monetary penalties:

    **– The restitution shall be paid at $25 per quarter while in custody and at 10% of the defendant's net monthly income upon release from custody.**

    **– Payments shall be made to the Clerk of Court at 225 Cadman Plaza East, Brooklyn, NY 11201.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



SLR:LDM:CSK
F.# 2012R00294

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against –

SHAKA STAYMAN,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 22 2013 ★
BROOKLYN OFFICE

PRELIMINARY
ORDER OF FORFEITURE

12-CR-668 (JG)
13-CR-264 (JG)

      WHEREAS, on or about May 10, 2013, the defendant, Shaka Stayman, entered a plea of guilty to an indictment in United States v. Shaka Stayman, 12-CR- 668, and to an information in United States v. Shaka Stayman, 13-CR-264(JG), charging violations of 18 U.S.C. 1349; and

      WHEREAS, the defendant has consented to the forfeiture of all of his right, title, and interest in one 2008 red Porsche Cayenne, bearing VIN No. WP1AD29P88LA72710, Registration No. GA-BCU-0723, held in the name of the defendant and Camille Stayman (the "Forfeited Asset"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 2461(c), as property, real or personal, which constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 1349, or the conspiracy to commit such offense, and/or pursuant to 21 U.S.C. § 853(p), as substitute assets.

      THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

2

1.    The defendant shall forfeit to the United States all right, title, and interest that he may have in the Forfeited Asset, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2.    The defendant shall fully assist the Government in effectuating the surrender and forfeiture of the Forfeited Asset to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Asset passes to the United States, including, but not limited to, the execution of any documents necessary to effectuate the surrender and forfeiture of the Forfeited Asset to the United States. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any of the monies and/or properties forfeited hereunder in any administrative or judicial proceeding.

3.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4.    Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Asset, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

U.S. v. Shaka Stayman, 12-CR-668 and 13-CR-264(JG)(EDNY), Preliminary Order of Forfeiture

3

5.     The United States shall publish notice of this Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Forfeited Asset in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Asset as a substitute for published notice as to those persons so notified.

6.     Any person, other than the defendant, asserting a legal interest in the Forfeited Asset may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Asset must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7.     The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P.

U.S. v. Shaka Stayman, 12-CR-668 and 13-CR-264(JG)(EDNY), Preliminary Order of Forfeiture

4

32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

        9.    This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

        10.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

        11.    The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order to United States Attorney's Office, Eastern District of New York, ATTN: Dionne Gill, FSA Law Clerk, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       _Jul 15_, 2013

                s/John Gleeson
                HONORABLE JOHN GLEESON
                UNITED STATES DISTRICT JUDGE
                EASTERN DISTRICT OF NEW YORK

U.S. v. Shaka Stayman, 12-CR-668 and 13-CR-264(JG)(EDNY), Preliminary Order of Forfeiture

USCA2 26